UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| FREDERICK BRADLEY NOWELL, SR., | ) | |
| | ) | |
| Petitioner, | ) | Action No. 13-CV-150-KSF |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DIRECTOR OF FEDERAL BUREAU OF | ) | **AND ORDER** |
| INVESTIGATIONS, et al., | ) | |
| | ) | |
| Respondents . | | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

On May 28, 2013, Frederick Bradley Nowell, Sr., proceeding without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. [R. 1][1] At that time, Nowell was confined in the Federal Medical Center ("FMC") located in Lexington, Kentucky, where he was completing the service of his 7-year federal sentence.

Nowell sought an order directing the Bureau of Prisons ("BOP") to release him to serve the last six months of his sentence under home confinement in Coconut Creek, Florida, pursuant to the provisions of the Second Chance Act of 2007, 18 U. S. C. § 3624(c). Nowell alleged that the BOP had approved him for only a two-month stay in a half-way house prior to his release date, not home confinement, and that based on his age and other relevant factors under the Second Chance Act, he qualified to serve the last six months of his sentence in home

---

[1] Nowell paid the $5.00 filing fee on June 3, 2013. [R. 2]

confinement. According to the BOP's website, Nowell was released from BOP custody on October 11, 2013.[2]

**DISCUSSION**

A federal court is always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231,(1990), and it may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477(1990). When events occur during the pendency of a case which prevent a court from granting the requested relief, the claims are rendered moot. *Berger v. Cuyahoga County Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993).

Nowell was confined in a BOP institution located in this district when he filed this action, but for continued jurisdiction over his claims, it is not enough that a dispute concerning his request for home confinement existed when he filed this proceeding. Nowell must continue to have an actual injury that is capable of being redressed by a favorable judicial decision. *Id*. That circumstance does not exist in this case, because Nowell was released from the BOP's custody after he filed this action. His subsequent release renders moot his § 2241 petition seeking release to home confinement for the last six months of his sentence. *See Demis v. Sniezek*, 558 F.3d 508 (6th Cir. 2009). In *Demis*, the court held that a federal prisoner's challenge to a BOP policy preventing his transfer to a community corrections center, or halfway house, was rendered moot

---

[2] *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=79553-004&x=71&y=27 (last visited on November 20, 2013).

by the prisoner's subsequent release from custody. *Demis*, 558 F.3d at 513; *see also Winkle v. Shartle*, No. 3:09-CV-2561, 2010 WL 3835049, at *2 (N.D. Ohio Sept. 29, 2010) (denying as moot the prisoner's § 2241 petition seeking immediate release to a community corrections center or home detention, because the prisoner had since been released from the BOP's custody). Likewise, Nowell's § 2241 petition seeking placement in home confinement became moot when he was released from the BOP's custody on October 11, 2013. Nowell's § 2241 petition will therefore be denied as moot.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The 28 U.S.C. § 2241 petition for writ of habeas corpus [R. 1] filed by Frederick Bradley Nowell, Sr., is **DENIED** as **MOOT**.

(2) This action is **DISMISSED** from the Court's docket.

(3) A Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondents.

This November 21, 2013.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**